# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | | |
|---|---|---|
| **PATRICIA A. GLENN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 8:10-cv-2026-T-30TGW** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Pending before the Court is Plaintiff's Unopposed Motion for Attorney Fees (Doc. 29). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the amount of $5,023.11, and does not request an award of costs. The fee agreement, time sheet, and affidavit attached to the motion confirm the attorney hours. (Docs. 30, 30-1, 30-2). Plaintiff represents that the Commissioner has no objection to her motion.

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time the proceeding was filed was less than two million dollars.[1] On October 25, 2011, the Court entered an Order adopting the Magistrate Judge's Report and

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Recommendation reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. No. 23).  The Clerk entered Judgment on December 29, 2011.  (Doc. 25.).  On March 28, 2012, Plaintiff filed her motion for attorney's fees after getting an extension of time. (Doc. 27, 29 ).  Plaintiff's motion states that there are no costs.  (Doc. 30, ¶ 13).

Plaintiff filed a copy of her assignment of EAJA fees to her counsel.  (Doc. 31)  Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt.  If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

Accordingly, pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's Unopposed Motion for Attorney's Fee (Doc. 29) is hereby **GRANTED**.

Plaintiff is awarded only attorney's fees in the amount of **$5,023.11**.  Payment is authorized to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

**DONE and ORDERED** in Tampa, Florida on March 30, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2010\10-cv-2026.mtfees29.docx